UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAMEED R. GIBSON,

    Plaintiff,

v.

ZAKRIA HAGGAGI, et al.,

    Defendants.
_____/

Case No. 1:24-cv-891

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Following screening, remaining in the case are the following claims against Defendant Haggagi: two retaliation claims, an inappropriate sexual touching claim, and state-law claims. Defendant Haggagi moved for partial summary judgment, arguing that Plaintiff failed to properly exhaust his administrative remedies regarding the two retaliation claims. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant's motion. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge considered two grievances, determining that neither "serves to exhaust any of Plaintiff's remaining claims of retaliation" (R&R, ECF No. 21 at PageID.159–161).

Regarding the first grievance, LCF-23-07-0571-27a ("LCF-571"), which is the only grievance that Plaintiff discusses in his objections, the Magistrate Judge determined that this grievance could not serve to properly exhaust any of Plaintiff's remaining claims of retaliation because the grievance was rejected at Step I on the ground that Plaintiff was asserting "a non-grieveable issue," to wit: a claim "directly related to the misconduct hearing process," including a claim that a misconduct charge was motivated by retaliatory animus (*id.* at PageID.160, citing *Hill v. Grover*, 2024 WL 2863432 at *6 (W.D. Mich., Jan. 24, 2024) (citing MDOC Policy Directive 03.02.130 ¶ J (9), (11), and *Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011)).

      Plaintiff disagrees, arguing that the grievance was "not about a misconduct" but "was about the ongoing harassment and retaliation suffered by C/O Defendant Hagaggi [sic]" (Pl. Obj., ECF No. 22 at PageID.163).  According to Plaintiff, he only "briefly mentioned a retaliatory misconduct to explain in what ways the Defendant was retaliating against the Plaintiff" (*id.* at PageID.164). Plaintiff's mere disagreement fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or ultimate conclusion.  Under the relevant Policy Directive, a grievance "shall be rejected" if it is related to the decision made during the misconduct ticket hearing process (ECF No. 22-1 at PageID.168–169).  In *Siggers*, 652 F.3d at 693–94, the Sixth Circuit determined that this provision is not restricted to the hearing officer's administrative decision but extends to challenges to the underlying misconduct charge.  And where a grievance "relates to the issuance of major misconduct reports, [ ] Michigan's rules provide that the only avenue for challenging such reports is a hearing."  *Id.* at 694.  The Magistrate Judge properly concluded that Plaintiff cannot rely on LCF-571 to exhaust any of his remaining retaliation claims.

      Therefore:

2

**IT IS HEREBY ORDERED** that the Objections (ECF No. 22) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 21) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Haggai's Motion for Partial Summary Judgment (ECF No. 13) is GRANTED, and Plaintiff's two remaining retaliation claims[1] are DISMISSED WITHOUT PREJUDICE.

Dated:  January 22, 2026                                                        /s/ Jane M. Beckering
                                                                                                JANE M. BECKERING
                                                                                                United States District Judge

---

[1] The Magistrate Judge describes these retaliation claims in the Report and Recommendation as Plaintiff's claims that "(1) on December 1, 2022, Defendant Haggagi retaliated against Plaintiff by falsely charging him with a misconduct violation; [and] (2) on January 13, 2023, July 4, 2023, and August 8, 2023, Defendant Haggagi retaliated against Plaintiff by conducting shakedowns of Plaintiff's living area" (R&R, ECF No. 21 at PageID.154–155).